TYE *v.* GAISSERT.

The petition was demurrable, and the court did not err in refusing to allow the proposed amendment.

Submitted December 1, 1905.—Decided January 13, 1906.

Complaint for land.    Before Judge Holden.    Hancock superior court.    June 22, 1905.

R. H. Lewis, for plaintiff.    W. H. Burwell, for defendant.

FISH, C. J.    In an action brought by P. F. Tye against L. Gaissert the substance of the petition was: H. T. Allen purchased from the Scottish American Mortgage Company a described parcel of land, giving his notes for the purchase-price and going into possession.    After the maturity of his notes, Allen paid them with money loaned to him by Tye for that purpose, and, to secure the loan, executed to Tye a transfer of such notes, together with all the interest and title which Allen had in the land.    Subsequently Gaissert, with notice of Allen's purchase, and without his knowledge, bought the land from the Scottish American Mortgage Company, entered into possession, and, on demand, refused to pay Tye the amount of money he had loaned to Allen.    The prayers were, for a judgment for the amount of money so loaned by Tye to Allen and paid by him as the purchase-price for the land, and for a special lien on the land for the amount of the money judgment.    Copies of the notes and of the transfer referred to were attached to the petition.    Each note states that it "is given for rent as per lease contract."    A general demurrer was filed to the petition.    The plaintiff offered an amendment to the petition, alleging: "Said sums of money so paid by petitioner being a part of the purchase-money of said tract of land, the benefit of which was received by said Gaissert in the purchase of said land [by him], and the said Gaissert took title to said land with full knowledge of the terms and circumstances under which petitioner paid said sums of money, and of the contract of H. T. Allen with petitioner."    The court refused to allow the amendment, sustained the demurrer, and dismissed the petition.    To these rulings the plaintiff excepted.

The court did not err in either ruling.    It does not appear from the petition that Gaissert was in any way connected with the transactions between Allen and the mortgage company, or with the transactions between Allen and Tye; and therefore we can not understand how there could be any legal obligation or duty devolving on Gaissert to pay Tye the money which he loaned to Allen for the purpose of taking up the notes he had given to the mortgage company for the purchase-price of the land, although Gaissert subsequently bought the land from the mortgage company with notice

of Allen's purchase and without his knowledge. There was not enough in the petition to amend by, and, even if the amendment had been allowed, the petition as so amended would not have set out a cause of action. In view of the allegations of the petition, the general allegation of the amendment, that the sums "paid" by Tye to Allen were part of the purchase-money of the land, and that Gaissert received the benefit of the same in his purchase, was the mere conclusion of the pleader, and, as we think, an erroneous one. Nor did the fact set out in the amendment, that Gaissert, at the time he purchased the land, knew of the terms and circumstances under which Tye let Allen have the money, help the case made by the petition. *Judgment affirmed. All the Justices concur.*